14-86-cv
Murphy v. Hogan Transports, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of October, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                 *Circuit Judges*.

_____

PAUL J. MURPHY, Acting Regional Director for the Third
Region of the National Labor Relations Board, for and on
behalf of the NATIONAL LABOR RELATIONS BOARD,

                 *Petitioner-Appellant*,

                 v.                                                      14-86-cv

HOGAN TRANSPORTS, INC.,

                 *Respondent-Appellee*.

_____

Appearing for Appellant:     Sandra M. Solowiej, Senior Attorney (Richard F. Griffin, Jr., General Counsel, Jennifer Abruzzo, Deputy General Counsel, Barry J. Kearney, Associate General Counsel, Jayme L. Sophir, Deputy Associate General Counsel, Eliner L. Merberg, Assistant General Counsel, Laura T. Vasquez, Deputy Assistant General Counsel, *on the brief*), National Labor Relations Board, Washington, DC.

Appearing for Appellee:      Jedd Mendelson, Littler Mendelson, PC, Newark, NJ.

Appeal from the United States District Court for the Northern District of New York

(Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED IN PART** and **REMANDED**.

Petitioner-appellant Paul Murphy, the Acting Director for the Third Region of the National Labor Relations Board ("the Director"), appeals from the November 22, 2013 order of the United States District Court for the Northern District of New York (Sharpe, *J.*), denying in part and granting in part the Director's petition for temporary injunctive relief pursuant to Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). On appeal, the Director argues that the district court erred in determining "just and proper" temporary relief under this provision, specifically by (1) denying the Director's request for an interim bargaining order pending the outcome of administrative proceedings before the National Labor Relations Board, and (2) setting out procedures for awarding backpay to an employee discharged by respondent-appellee Hogan Transports, Inc. ("Hogan"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"In this Circuit, in order to issue a § 10(j) injunction, the district court must apply a two-prong test. First, the court must find reasonable cause to believe that unfair labor practices have been committed. Second, the court must find that the requested relief is just and proper." *Hoffman ex rel. NLRB v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 364–65 (2d Cir. 2001). In this appeal, only the second prong is at issue. The district court found "reasonable cause to believe that unfair labor practices have been committed [by Hogan]," *id.* at 365, based on the contentions in the Director's petition, which were "largely unchallenged" in the proceedings below. Neither party has argued on appeal that this finding was erroneous. Therefore, we take the district court's "reasonable cause" determination as given in assessing its "just and proper" analysis.

"In this Circuit, injunctive relief under § 10(j) is just and proper when it is necessary to prevent irreparable harm or to preserve the status quo." *Id.* at 368. "We review the district court's determination of whether relief is just and proper for abuse of discretion, bearing in mind . . . that a judge's discretion is not boundless and must be exercised within the applicable rules of law or equity." *Id.* at 364 (internal citation and quotation marks omitted). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *In re Holocaust Victim Assets Litig.*, 424 F.3d 158, 165 (2d Cir. 2005) (internal quotation marks omitted).

Although "the issuance of a bargaining order by a district court . . . is, undoubtedly, a serious measure which should not be undertaken whenever a claim of unfair labor practices is made," we have held "that when the Regional Director makes a showing, based on authorization cards, that the union at one point had a clear majority and that the employer then engaged in such egregious and coercive unfair labor practices as to make a fair election virtually impossible, the district court *should* issue a bargaining order under § 10(j)." *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 40 (2d Cir. 1975) (emphasis added).

Here, the district court summarily concluded that an interim bargaining order "goes too far, and is unnecessary to prevent irreparable harm" because "[t]he relief that the court imposes sufficiently and equitably addresses the issues raised herein – including making a fair election possible – and is just and proper." This abbreviated analysis, even when viewed in the context of the preceding hearing, leaves us unable to assess whether the district court actually grappled with the seriousness of the violations it found "reasonable cause to believe . . . ha[d] been committed." *Hoffman*, 247 F.3d at 365. Therefore we vacate the district court's denial of the interim bargaining order and remand for further explanation of this decision.

The district court found reasonable cause to believe that Hogan, inter alia, (1) discharged an employee because of his support for the union; (2) threatened employees with job loss if they selected the union as their bargaining representative; and (3) promised and granted a wage increase in order to dissuade employees from supporting the union. In the context of final relief awarded by the NLRB administrative process, we have previously categorized all three of these unfair labor practices as "hallmark" violations. *See NLRB v. Jamaica Towing, Inc.*, 632 F.2d 208, 212–13 (2d Cir. 1980). While "the presence of hallmark violations does not automatically call for a bargaining order" in an NLRB administrative proceeding, *NLRB v. J. Coty Messenger Serv., Inc.*, 763 F.2d 92, 99 (2d Cir. 1985), we have recognized such violations are "highly coercive" in the absence of mitigating factors such as the specific nature of the misconduct, the passage of time, or employee turnover, *id.*; *see also NLRB v. Windsor Indus.*, 730 F.2d 860, 867 (2d Cir. 1984) ("[T]he lapse of time, employee turnover[,] and other significant factors must be examined."). Given its finding of several highly coercive unfair labor practices, and the absence of any discussion of any mitigating circumstances, the district court's analysis leaves unanswered the question of *why* an interim bargaining order is inappropriate here.

At most, the district court's analysis suggests it believed its chosen remedies were sufficient to combat the "hallmark" violations it found reasonable cause to believe had occurred, and ensure a fair election. Yet, in the absence of more detailed reasoning, we also have concerns about this conclusion. "[S]ection 10(j) was intended as a means of preserving *or restoring* the status quo as it existed before the onset of unfair labor practices." *Seeler*, 517 F.2d at 38 (emphasis added). We have previously cautioned that in the context of serious violations, cease and desist orders, standing alone, are insufficient to restore the pre-violation status quo. *See id.* at 37–38 ("If an employer faced with a union demand for recognition based on a card majority may engage in an extensive campaign of serious and pervasive unfair labor practices, resulting in the union's losing an election, and is then merely enjoined from repeating those already successful violations until final Board action is taken, the Board's adjudicatory machinery may well be rendered totally ineffective."). To be sure, the district court afforded some affirmative relief, reinstating on an interim basis an employee purportedly discharged for his union support. Yet this interim relief leaves entirely unaddressed the two other serious violations the district court found reasonable cause to believe had occurred here. In light of this unexplained disconnect between the harm found by the district court and the interim remedy imposed, we believe further explication on the "just and proper" relief here is necessary. Without additional explanation, these remedies appear inadequate to restore the pre-violation status quo, "freez[ing] the present situation," rather than "re-establish[ing] the conditions as they existed before the employer's unlawful campaign." *Id.* at 38 (internal quotation marks omitted).

On remand, the district court is free to revise its decision or again conclude that an

3

interim bargaining order is not "just and proper" relief pursuant to Section 10(j). However, in order to appropriately exercise its discretion, the district court should explain, beyond simply stating that an interim bargaining order "goes too far," why such relief is warranted or unwarranted in light of the serious violations it found, and the apparent disconnect between these violations and the other interim relief afforded. In addition, "[o]n remand, the district court should consider not only the transcript of the hearing which was before the court at the time of its initial decision, but also the findings which have since been made by the administrative law judge." *Id.* at 40 n.11. The district court may also consider the time the NLRB might take to resolve this matter, and it may seek reasonable assurances of timely disposition.

In addition, we vacate the portion of the district court's order requiring the ALJ to retain jurisdiction over this case for the purpose of determining the backpay sum to a discharged employee, and ordering Hogan to escrow and remit backpay amounts to the Director. In this portion of the order, the district court awarded an individual employee a portion of his final relief for the allegedly unfair labor practices committed by Hogan. In so doing, "[t]he district court misidentifie[d] the proper plaintiff in § 10(j) cases as the individual employees rather than the Regional Director." *Hoffman*, 247 F.3d at 369; *see also Seeler*, 517 F.2d at 40 ("[S]ection 10(j) should be applied in the public interest and not in vindication of purely private rights, so as to further the policies of the Act.") (internal quotation marks omitted). Hogan argues that by providing a means of obtaining backpay for a discharged employee, the district court was attempting to increase the employee's willingness to return to work, and thus mitigate the coercive effects of his discharge. Yet neither the district court's opinion nor anything else in the record provides support for this inference. Moreover, even if this were true, the provision of final relief in the form of backpay exceeds the district court's authority under Section 10(j), which only provides a district court "jurisdiction to grant to the Board such *temporary* relief or restraining order as it deems just and proper." 29 U.S.C. § 160(j) (emphasis added).

In light of the district court's sparse explanation for the denial of the interim bargaining order, the seeming seriousness of the violations at issue, and the apparent disconnect between the district court's chosen remedies and these violations, we believe further explanation is necessary regarding why an interim bargaining order is not "just and proper" relief pursuant to Section 10(j). Therefore, we vacate the portion of the district court's order denying this request and remand for further consideration. In addition, we vacate the portion of the district court's order establishing procedures for an award of backpay to a discharged employee, as the district court inappropriately awarded an individual employee a portion of his final relief for the unfair labor practices at issue. We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is VACATED IN PART and this case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

4