15-317-cv
Murphy v. Hogan Transports, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand fifteen.

PRESENT:
ROBERT D. SACK,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

———————————————————————

**Paul J. Murphy, Acting Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of National Labor Relations Board,**
**Petitioner-Appellee,**

**v.**                                                                 **15-317-cv**

**Hogan Transports, Inc.,**
**Respondent-Appellant.**

———————————————————————

FOR PETITIONER-APPELLEE:                KYLE ANDREW MOHR, Attorney
                                        (Elinor L. Merberg, Laura T. Vazquez,
                                        *on the briefs*) National Labor Relations
                                        Board, Washington, DC.

1

**FOR RESPONDENT-APPELLANT:** JEDD MENDELSON, Esq., Littler Mendelson, PC, Newark, NJ.

Appeal from the judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Hogan Transports, Inc., appeals from an order of the district court granting an interim bargaining order and additional temporary injunctive relief pursuant to § 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j), in favor of Paul J. Murphy, Acting Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board ("NLRB"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

---

[1] On October 14, 2014 this Court remanded this case for further proceedings on the precise issue now on appeal. We explained in relevant part:

> [T]he district court is free to revise its decision or again conclude that an interim bargaining order is not "just and proper" relief pursuant to Section 10(j). However, in order to appropriately exercise its discretion, the district court should explain, beyond simply stating that an interim bargaining order "goes too far," why such relief is warranted or unwarranted in light of the serious violations it found, and the apparent disconnect between these violations and the other interim relief afforded. In addition, "[o]n remand, the district court should consider not only the transcript of the hearing which was before the court at the time of its initial decision, but also the findings which have since been made by the administrative law judge." The district court may also consider the time the NLRB might take to resolve this matter, and it may seek reasonable assurances of timely disposition.

*Murphy ex rel. N.L.R.B. v. Hogan Transports, Inc.,* 581 F. App'x 36, 38 (2d Cir. 2014) (internal citation omitted).

We review for abuse of discretion the district court's determination of whether relief is just and proper. *Hoffman ex rel. N.L.R.B. v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 364 (2d Cir. 2001). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *In re Holocaust Victim Assets Litig.,* 424 F.3d 158, 165 (2d Cir. 2005) (internal quotation marks omitted).

We conclude that the district court acted in accord with our October 14, 2014 summary order and did not exceed the bounds of its discretion by issuing an interim bargaining order in favor of the NLRB. We have considered Hogan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3